Milton A. Wiltse, J.
After a trial before a jury in this court, a verdict was returned finding the defendant guilty of assault in the second degree, on April 10,1962. He was also found guilty of another charge, a misdemeanor. Thereafter, and on April 13, 1962, the District Attorney filed an information charging the defendant with being a third felony offender. On the same *529 date, after the defendant had admitted that he was the same person mentioned in the several allegations of the information, he was sentenced as a third felony offender to imprisonment in Attica State Prison for a term of not less than two and one-half years nor more than four years.
The defendant has filed an application for a writ of error coram nobis. Among other things, he seeks to have the judgment of conviction and sentence thereunder vacated, asks for a new trial, and for a hearing upon the allegations contained in his application.
The proceeding was instituted by a petition dated September 26, 1962 that was prepared by the defendant without the aid of counsel. Thereafter, further papers were filed, which bear date of October 29,1962. These were, apparently, also prepared by the defendant, and are meant to supplement the original petition. Shortly thereafter, defendant retained as his counsel, Carmen J. Macaluso. Under date of November 6, 1962, his counsel prepared and filed an affidavit in support of the defendant’s application. Mr. Macaluso’s affidavit was accompanied by an affidavit executed by Roger A. Williams, the attorney that represented the defendant upon his trial, and at the time of sentencing.
On November 15, 1962, the District Attorney filed an affidavit in which he opposed only the hearing requested by the defendant in connection with his motion for a writ of error coram nobis. He submitted to the court a determination of the other relief requested, without opposing it.
The defendant contends that within a few days after the verdict of the jury, he made an agreement with his attorney to file a notice of appeal, and for payment of his fees; and that he did not discover that an appeal had not been taken from the judgment of conviction until June of 1962.
The affidavit of the attorney that represented the defendant upon the trial substantiates the contention of the defendant that there was a discussion concerning the taking of an appeal shortly after the defendant’s conviction. This affidavit, together with copies of letters written to the defendant by the attorney, that are a part of the moving papers, corroborate the defendants’ assertions that the attorney had been retained by the defendant prior to trial; and had been retained after trial to perfect an appeal, under some arrangement for payment of fees. It is further stated in the attorney’s affidavit that no notice of appeal was filed because his fees for the trial were not fully paid until July of 1962, and no funds were paid in connection with an appeal.
*530 However, the defendant had no knowledge that an appeal had not been taken for such reason until sometime after the statutory period for so doing had expired.
From copies of letters annexed to the moving papers of the defendant, it is apparent that he made every effort to ascertain any additional legal remedies that might be pursued, as soon as he learned that no appeal had been taken.
It appears from the record here that the defendant was relying upon his original counsel to file a notice of appeal, and thought that he had done so.
Under the circumstances, the defendant was prevented from complying with the statutory requirements for the taking and perfecting of an appeal from the judgment of conviction, by acts entirely beyond his control. It, therefore, would seem that the defendant should be entitled to some remedy.
The situation appears to be analogous to that which was contemplated in People v. Hairston (10 N Y 2d 92). In the Hairston case, a hearing was ordered to determine whether the defendant had been prevented from complying with the statutory requirements regarding the taking and perfecting of an appeal by action of the prison authorities. The Court of Appeals then set forth the nature of the relief to be accorded the defendant if successful in establishing his assertions upon the hearing. The procedure outlined by the Court of Appeals should be followed here.
In the instant matter, it is not necessary to have a hearing on the allegations of the petition which support the demand that the sentence be vacated, since the record is sufficient.
The judgment of conviction should be vacated, and the defendant produced in this court only for reimposition of the sentence nunc pro tunc upon the verdict already had, and the subsequent admission of the defendant to being the same person mentioned in the records set forth in the information charging him with being a third felony offender, that was presented against him by the District Attorney. If this be done, as was stated in the Hairston case (10 N Y 2d 92, supra), he will then have an opportunity of prosecuting and perfecting an appeal, since the time for taking such appeal will date from the rendition of the new judgment.
Other than such relief as is herein granted to the petitioner, his application is denied in all respects.